DLD-205                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-1460, 10-1533, and 10-1534
_____

SIMEON ROBINSON,
                                                        Appellant
v.

BARBARA PORGES; JOSHUA COHEN; ROBERT H. MESSERMAN; STEVEN
RYAN; NIAM BROWN; TERRY BRIGGS; JOHN D. GREEN, Sheriff of Philadelphia
County; DARRELL R. STEWART, Undersheriff/Philadelphia County; DAVID H.
DENENBERG; ANDREW BLUM; ADVANCED REAL ESTATE CONCEPTS, L.P.;
EQUITY FINANCIAL; CREDIT-BASED ASSET SERVICING AND
SECURITIZATION, LLC; FRANK FEDERMAN; JOSEPH MARSHALL; MICHELLE
M. BRADFORD; MS. BARBARA DEELEY; MRS.CRYSTAL STEWART; MR.
TRAVIS BRIGGS; JOSEPH SCHWEIBINZ; MR. JAMES DAVIS, JR.; MS. WANDA
ENGLISH-DAVIS; MS. LILLIAN M. KING; FTOWN PROPERTIES 3 LLC; ALAN
CANDELL; AMERICAN LOAN 2 LLC; STERLING SEARCH & ABSTRACT CO; A.
TROLLI; MS. MARYA WISNIEWSHI; MR. JON SIRLIN; MS. DANA S. PLON,
Attorney & Associate Member of the Law Firm of Sirlin Gallogly & Lesser, P.C.;
SUSAN J. KUPERSMITH, Attorney & Associate Member of the Law Firm of Sirlin
Gallogly & Lesser, P.C.; JEFFREY T. GROSSMAN, Attorney and Creator/Owner of the
Grossman Law Firm, P.C.; MR. LAURENCE A. MESTER, Attorney and
Associate/Partner of the Grossman Law Firm, P.C.; Mr. JAMES W. ZWOLAK, Attorney
and in his Capacity as Chief Attorney of the City of Philadelphia Law Office; MR.
GARY JONAS, Owner, Investor Member and Representative of the R.I.C.O. Enterprise
Alleged as Advanced Real Estate Concepts, L.P.; R.C.S. SEARCHERS; EAST-WEST
REALTY GROUP, LLC, NJ ; EAST- WEST REALTY GROUP LLC, PA;
PHILADELPHIA POLICE DEPARTMENT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-CV-01390)
District Judge:  Honorable Michael M. Baylson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 27, 2010

Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 2, 2010)
_____

OPINION
_____

PER CURIAM

Simeon Robinson appeals from orders of the United States District Court for the Eastern District of Pennsylvania. Because no substantial question is raised by his appeals, we will summarily affirm the District Court's judgment and orders.

As the background of this case is provided in the District Court's memorandum and is familiar to the parties, we limit our discussion to those facts essential to our decision. Robinson filed a complaint in federal court including civil rights claims, state law, and common law claims, all arising out of the foreclosure and sheriff's sale of his home and his eviction therefrom. Robinson's suit followed several legal actions in the state court, including a mortgage foreclosure action filed against him, a landlord/tenant action filed against him, and an ejection action filed against him. A fourth suit, filed by Robinson, in which he claimed that he had been deprived of his right, title and interest to

his real property without due process of law, was pending at the time he filed his federal complaint.

Many of the defendants in the federal action filed motions to dismiss and/or for summary judgment. The District Court dismissed Robinson's complaint, determining that it lacked jurisdiction to consider Robinson's federal claims pursuant to the Rooker-Feldman doctrine;[1] the Court declined to exercise supplemental jurisdiction over Robinson's state-law claims. The District Court also denied Robinson's motion for an evidentiary hearing and dismissed with prejudice his Notice of Lis Pendens. These timely appeals followed.

We agree with the District Court that the Rooker-Feldman doctrine bars Robinson's claims. The Rooker-Feldman doctrine applies to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005); Gary v. Braddock Cemetery, 517 F.3d 195, 201 (3d Cir. 2008). This is such a case.

Robinson asserts that his equal protection and due process rights were violated based on the "policies, procedures and protocol of the office of the Sheriff of Philadelphia

---

[1] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

3

County concerning Sheriff's sales of foreclosed properties." He argues that these claims are not barred by Rooker-Feldman because they were not previously litigated, and that they are not "inextricably intertwined" with the state courts' adjudications. However, Robinson's complaint "demands the return of his home as his own property with free and clear deed and title," as well as actual and punitive damages. Such an award could only be made by reviewing and rejecting the state court judgments.

For the foregoing reasons, we will affirm the District Court's judgment.[2]

---

[2] Given the finding that it lacked jurisdiction, we find no error in the District Court's decisions to deny an evidentiary hearing and to dismiss Robinson's Notice of Lis Pendens.